UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No. 15-31017-PGH
                                                            Chapter 7
CONRAD J. DESANTIS,

     Debtor.

_____/

CORDELL FUNDING, LLLP,                                      Adv. Proc. No. 16-01239-PGH

     Plaintiff,

v.

CONRAD J. DESANTIS,

     Defendant.

_____/

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

    Defendant, CONRAD J. DESANTIS ("Defendant" and/or "Debtor"), by and through undersigned counsel, hereby files his *Answer to Complaint and Affirmative Defenses* and states as follows:

1.    The Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.    The Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    The Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.    The Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.    The Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.    The Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.    The Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.    The Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      The Defendant admits the allegations contained in paragraph 9 of the Complaint

10.      The Defendant denies the allegations contained in paragraph 10 of the Complaint in that the *Personal Financial Statement* attached to the Complaint as Exhibit "A" was not furnished to Cordell Funding, LLLP.  The *Personal Financial Statement*, on its face, shows that it was provided to Robin Rodriguez.

11.      The Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.      The Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.      The Defendant denies the allegations contained in paragraph 13 of the Complaint in that Schedule E of the *Personal Financial Statement* specifically states that the "Raw Land" is valued at $480,000.00.

14.      The Defendant denies the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof

15.      The Defendant denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16.      The Defendant denies the allegations contained in paragraph 16 of the Complaint and demands strict proof thereof.

17.      The Defendant is currently without knowledge sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

18.      The Defendant admits the allegations contained in paragraph 18 of the Complaint.

19.      The Defendant admits the allegations contained in paragraph 19 of the Complaint.

20.      The Defendant denies that any change in the equity interest in Law Star was done by the Debtor with the intent to hinder, delay or defraud creditors.

21.     The Defendant denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

22.     The Defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23.     The Defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24.     The Defendant admits that the Cordell lawsuit was filed in 2007 and that the Law Star Transfer, as defined in the Complaint was on or about November 11, 2008.

25.     The Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26.     The Defendant denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

27.     The Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28.     The Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29.     The Defendant admits that the Cordell lawsuit was filed in 2007 and that the Law Star Transfer, as defined in the Complaint was on or about November 11, 2008. The Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30.     The Defendant admits the PFS, as defined in the Complaint, contains the language referenced in paragraph 30 of the Complaint. The Defendant denies the remaining allegations contained in paragraph 30 of the Complaint.

31.     The Defendant admits the allegations contained in paragraph 31 of the Complaint.

32.    The Defendant admits the Stipulation, as defined in the Complaint, is a document which speaks for itself.  The Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

33.    The Defendant admits the Order on Plaintiff's Motion for Entry of Judgment and Final Judgment in Favor of Plaintiff attached as Exhibit C to the Complaint is a document which speaks for itself.  The Defendant denies the remaining allegations contained in paragraph 33 of the Complaint

34.    The Defendant denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

35.    The Defendant denies the allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

36.    The Defendant denies the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

37.    The Defendant realleges his responses to paragraphs 1 through 36 of the Complaint as if set forth herein.

38.    The Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39.    The Defendant denies the allegations contained in paragraph 39 of the Complaint and demands strict proof thereof.

40.    The Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41.    The Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42.     The Defendant realleges its responses to paragraphs 1 through 36 of the Complaint as if set forth herein.

43.     The Defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof.

44.     The Defendant denies the allegations contained in paragraph 44 of the Complaint and demands strict proof thereof.

45.     The Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

46.     As and for Defendant's first affirmative defense, in Count I of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted.  The Plaintiff fails to allege that a debt was obtained by false pretenses, false representation, or actual fraud, other than the statement respecting the Debtor's or insider's financial condition.

47.     As and for Defendant's second affirmative defense, in Count I of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted.  The alleged fraudulent transfer is of a membership interest in Law Star.  Under State law, a judgment creditor's sole remedy is to place a charging order on the judgment debtor's LLC membership interest.  Accordingly, the only benefit a judgment creditor, e.g., Cordell Funding, LLLP, could have ever received arising out of the Defendant's Law Star membership interest would have been if Law Star made any distributions.  At the time of the alleged fraudulent transfer, Law Star did

not make any distributions to its members, therefore, Cordell Funding, LLLP could not and did not sustain any damages arising out of the alleged fraudulent transfer of the Law Star Interest.

48.     As and for Defendant's third affirmative defense, in Count I of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted.  The alleged fraudulent transfer is of a membership interest in Law Star.  The Plaintiff fails to allege what, if any, value there was to the Law Star Interest at the time of the alleged fraudulent transfer. Unless Plaintiff alleges the Law Star Interest had value, Plaintiff cannot state a claim upon which relief can be granted.

49.     As and for Defendant's fourth affirmative defense, in Count I of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted.  The alleged fraudulent transfer is of a membership interest in Law Star.  At the time of the alleged fraudulent transfer, the Law Star membership interest had no value or was of a nominal value to such an extent that it would have been exempt under non-bankruptcy law.  Accordingly, the Law Star membership interest would not qualify as an asset which could be fraudulently transferred under Florida law.

50.     As and for Defendant's fifth affirmative defense, in Count I of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted.  At the time of the alleged fraudulent transfer, the Law Star Interest had no value and accordingly, the Defendant did not benefit from the alleged fraudulent transfer nor could have the alleged transfer been done with the actual intent to hinder, delay or defraud the Defendant's creditors.  Further, because the

allegedly fraudulently transferred Law Star Interest had no value, Cordell could not have sustained any damages.

51.    As and for its sixth affirmative defense, the Defendant states that in Count II of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted. The *Personal Financial Statement* attached to the Complaint as Exhibit "A" was not furnished by the Defendant to the Plaintiff, Cordell Funding, LLLP.  Accordingly, the Defendant did not make any representations to the Plaintiff respecting the Defendant's financial condition.

52.    As and for its seventh affirmative defense, the Defendant states that in Count II of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted. The *Personal Financial Statement* attached to the Complaint as Exhibit "A" was not furnished by the Defendant to the Plaintiff, Cordell Funding, LLLP.  Accordingly, the Defendant could not have intended to deceive the Plaintiff respecting the Defendant's financial condition.

53.    As and for its eighth affirmative defense, the Defendant states that in Count II of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted. The *Personal Financial Statement* attached to the Complaint as Exhibit "A" was not furnished by the Defendant to the Plaintiff, Cordell Funding, LLLP.  Accordingly, Cordell Funding, LLLP could not have reasonably relied upon any information contained in the *Personal Financial Statement*.

54.    As and for its ninth affirmative defense, the Defendant states that in Count II of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11*

*U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted. Cordell Funding, LLLP committed to making the loan at issue prior to the date the *Personal Financial Statement* attached to the Complaint as Exhibit "A" was furnished by the Defendant to the Plaintiff, Robin Rodriguez.  The *Personal Financial Statement* was provided after the loan commitment was issued and a $50,000 non-refundable commitment fee was paid by Defendant. The *Personal Financial Statement* requested by Robin Rodriguez was related to the possibility that Robin Rodriguez would provide all additional financing related to the project, and/or take an equity position in the project.  In fact, Robin Rodriguez financed an additional $500,000 towards the project, which the Defendant was not aware of and did not guarantee.   Accordingly, Cordell Funding, LLLP could not have reasonably relied upon any information contained in the *Personal Financial Statement*.

55.    As and for its tenth affirmative defense, the Defendant states that in Count II of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B)* the Plaintiff fails to state a claim upon which relief can be granted. Cordell Funding, LLLP is an asset-based, hard money lender who does not rely upon personal guarantees when making loans.  Accordingly, Cordell Funding, LLLP could not have reasonably relied upon any representations made in the *Personal Financial Statement* attached to the Complaint as Exhibit "A."

56.    As and for its eleventh affirmative defense, with regard to Count II of the Plaintiff's *Adversary Complaint Objecting to Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(A) and (B),* to the extent that the Plaintiff reasonably relied upon the *Personal Financial Statement*, the alleged false representations were not material.

I HEREBY certify that a true and correct copy of the foregoing has been furnished via ECF and/or U.S. Mail to the parties listed below on this 5th day of July, 2016.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> FURR AND COHEN, P.A.
> *Attorneys for Defendant*
> 2255 Glades Road, Suite 337W
> Boca Raton, FL   33431
> (561) 395-0500
> (561) 338-7532-fax
>
> By /s/Marc P. Barmat
>    MARC P. BARMAT
>    Florida Bar No. 0022365
>    E-mail: mbarmat@furrcohen.com

SENT VIA ECF AND/OR U.S. MAIL:

- John E Page   jpage@sfl-pa.com, scusack@sfl-pa.com;lrosettoparr@sfl-pa.com;dwoodall@sfl-pa.com;bshraibergecfmail@gmail.com;scusacksfl@gmail.com

SENT VIA EMAIL:
Conrad J. DeSantis
1125 Country Club Drive
North Palm Beach, FL 33408